UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

FILED

2001 MAY 21 P 4: 30

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEP CL

| | |
|---|---|
| **JAMES R. LOVE,** | |
| **Plaintiff,** | |
| v. | Case No. _____ |
| | **(Jury Demand)** |
| **CITY OF BRISTOL TENNESSEE,** | |
| **BLAINE E. WADE, Individually and** | |
| **in his official capacity as POLICE CHIEF** | |
| **of the CITY OF BRISTOL, TENNESSEE,** | |
| **OFFICER BRYANT, Individually and** | |
| **in his official capacity as DEPUTY.** | |
| **Defendants.** | |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

## COMPLAINT

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

This is an action for damages pursuant to 42 U.S.C. § 1983 and the 5th Amendment of the Constitution of the United States for the deprivation of federally secured constitutional rights and state law of James R. Love under color of state law by the Defendants' City of Bristol Tennessee, Blaine E. Wade in his official capacity as Police Chief of the City of Bristol, Tennessee and Officer Bryant

1. James R. Love ("Love"), a 50 year old disabled man, brings this action and is a citizen and resident of Sullivan County, Tennessee.

2. City of Bristol is a political subdivision of the State of Tennessee pursuant to Tenn. Code. Ann. § 5-1-101, et. seq..

3. Defendant Blaine E. Wade ("Wade") is the duly appointed and at all times material acting Police Chief of the City of Bristol, Tennessee with all the rights, duties and privileges of a constitutional office pursuant to Tenn. Code Ann. § 8-8-101, et. seq. and Article VII, Section 1 of the Constitution of the State of Tennessee. At all times pertinent to Plaintiff's claims Wade was acting individually and under color of law.

4. This court has jurisdiction to 28 U.S.C. 1331, 42 U.S.C. 1983, 5th Amendment, 14th Amendment, and supplemental jurisdiction over Plaintiff's claims pursuant to Tennessee Governmental Tort Liability Act, Tenn. Code Ann. 29-20-101, et. seq. and for the tortuous conduct of deputy operating in their official capacity pursuant to Tenn. Code Ann. 8-8-302.

5. On May 21, 2006, Love, a 50 year old disabled man, was sitting in his house. Officer Bryant ("Bryant") requested to speak to Love about a domestic disturbance in the neighborhood (aggravated assault and reckless endangerment).

6. Love cooperated with Bryant in everyway, Bryant pushed in the front door in an attempted to handcuff Love. Moreover, Love numerously advised Bryant that he hadn't done anything.

7. When Bryant came to the door to speak to city officers, Bryant used force and grabbed Love without reason or justification. Specifically, Bryant

pushed Love to the ground with great force and violence, putting his knee into Love's head. Bryant had no reason or justification to place Love under arrest.

8. Greater force and violence then the circumstances warranted was unnecessarily exerted against Love during the handcuffing process. Specifically, Bryant had no reason to strike the head of Love with his knee in a violent faction.

9. Love was taken to the Emergency Room for an MRI of his head due to the violent attach of his head. Medical expenses were incurred because of this and will continue to be incurred.

10. By utilizing excessive force and assault and battery upon Love by Bryant as an Officer of the City of Bristol Tennessee effected an unlawful arrest. Furthermore, the Officer violated Love's 14th Amendment due process rights in utilizing excessive force which resulted in Love's false imprisonment. Love suffered severe pain in his head, as well as injuries to his shoulders. Defendant individual and collective unlawful physical assault caused Love to suffer extreme mental anxiety, embarrassment, and public humility.

11. Plaintiff avers Defendant's collective and individual unlawful assault, use of excessive force, and false arrest violated his 5th Amendment rights and 14th Amendment rights. The Defendants are not entitled to claim qualified immunity as their conduct violated a clear, established statutory and constitutional rights/mandate that every officer of the law should know to-wit-that he must have probable cause to arrest a particular individual.

12. Love's injuries were proximately caused by the negligent acts or omissions of the Defendant individually and collectively in that their actions were not objectively reasonable.

13. The gross negligence and recklessness of each of the defendants in the performance of his/her non-discretionary and operational administrative, common-law, and statutory duties proximately caused and contributed to all of the injuries and damages suffered by Love. The plaintiff avers that he is entitled to judgment against each of the individual defendants, jointly and severally, for compensatory damages and for punitive damages.

14. Defendant cannot claim qualified immunity as their conduct violated clear statutory and constitutional rights of which a reasonable person holding the position of Officer (Deputy) would and should have known.

15. The Tennessee Governmental Tort Liability Act does not apply to the Defendants sued individually.

16. The Tennessee Governmental Tort Liability Act does not provide immunity for the City of Bristol Tennessee in this case Under T.C.A. § 29-20-205, as there is one governmental act concurrently causing an injury utilizing excessive force, by reason of improper training, and an unlawful arrest occurred simultaneously. The unlawful arrest arises from a discretionary function; the excessive force used in arrest practices was not intentional as it is merely operational and purely functionally derived in improper training thus the

discretionary function exception to removal of governmental immunity does not apply.

17. The conduct of the Defendants constituted deliberate indifference to Love's federally secured constitutional rights and has accomplished within the scope of their employment.

18. The wrongful arrest, along with the assault and battery, gives rise to personal liability on the part of the City of Bristol Tennessee and its duly appointed Police Chief Blaine E. Wade for damages pursuant to 42 U.S.C. § 1983, which conduct deprived Love under color of state law of his constitutional rights under the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States.

19. The City of Bristol, Tennessee and Blaine E. Wade, Police Chief of the City of Bristol, are jointly responsible for inspecting, training and supervising their deputies in proper procedure, techniques and protocol. The failure on the part of Defendant's City of Bristol, Tennessee and Officer Bryant to adequately instruct, train, and/or supervise their deputies in proper procedures, techniques and protocol directly and proximately caused the deprivation of Mr. Love his constitutional rights under the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and being a direct and proximate cause of the serious injury, and mental anguish resulting thereby giving rise to liability under 42 U.S.C. § 1983 for damages caused to him.

20. Love asserts that at all times material the official policy, custom and practice of Defendant City of Bristol, Tennessee was not to adequately instruct, train and supervise its officers in proper procedures, techniques and protocol to protect innocent citizens. The failure to provide for Love's safety was an official policy, custom and practice and a moving force behind the events and circumstances causing the injuries upon Love. The multiple unlawful conduct herein described is grounds for liability under 42 U.S.C. § 1983 and for damages.

21. To the extent that the acts and omissions of Defendants' City of Bristol, Tennessee and its Police Chief Blaine E. Wade constitute actual negligence under Tennessee Governmental Tort Liability Act Tenn. Code Ann. §§ 29-20-101 et. seq. or otherwise under the laws of the State of Tennessee, for which Plaintiff would be permitted to recover damages against the Defendant City of Bristol, Tennessee and/or its Police Chief Blaine E. Wade are hereby reasserted as if copied verbatim herein. It is alleged the Defendants did in fact negligently breech their duty owed to Love to reasonably provide for his safety and not to direct violence against him. The failures herein described are the direct and proximate cause for the unnecessary serious injury, and mental anguish to which Love has suffered and for which he should recover damages.

22. As a direct and proximate result of the unlawful arrest, assault, battery and duties owed Love, he has sustained serious injuries and mental anguish.

WHEREFORE, Plaintiff request relief in the following manner:

    1.    He be awarded a judgment for compensatory damages

for his personal injuries and mental anguish from each of the Defendants, jointly and severably in the amount of $250,000.00,

2. that this court grant plaintiff's award of reasonable attorney fees and costs of litigation pursuant to 42 U.S.C. 1983, predicated upon the facts and circumstances involved in this case, and

3. that this court grant Plaintiff such affirmative and general relief as may be deemed appropriate under the facts and circumstances involved in this case, and

4. that this court allow leave to amend this complaint as more facts and circumstances become known to the Plaintiff, and

5. for a jury to try this cause of action.

JAMES R. LOVE

By: _____
RICHARD A. SPIVEY
B.P.R. #006288
142 Cherokee Street
Kingsport, Tennessee 37660
(423) 245-4185
423-245-3362-fax

_____
JASON R. McLELLAN
BPR 024596
158 Cherokee Street
Kingsport, TN 37660
423-245-3976-phone
423-246-3426-fax

ATTORNEYS FOR PLAINTIFF